# Exhibit 29

PETER WELLS
EXHIBIT 3112
05 - 27 - 2021

**From:** John H. van Merkensteijn, III <jhvm@argremgt.com>
**Sent:** Tuesday, July 08, 2014 9:09 AM
**To:** Richard Markowitz; Wells, Peter
**Cc:** Ben-Jacob, Michael; Robert Klugman; ~lf 02-01-2017 Gregory, Amy; Wechter, Kathleen
**Subject:** Re: On-Boarding Questionnaires w/ supporting documents

yes but I am happy to go with advice that we do this as traders

---

**From:** Richard Markowitz <rmarkowitz@argremgt.com>
**Date:** Tuesday, July 8, 2014 at 9:08 AM
**To:** Peter Wells <Peter.Wells@kayescholer.com>
**Cc:** John van Merkensteijn <jhvm@argremgt.com>, Michael Ben-Jacob <michael.ben-jacob@kayescholer.com>, Robert Klugman <Rklugman@storcapital.com>, Amy Gregory <Amy.gregory@kayescholer.com>, "Wechter, Kathleen" <Kathleen.Wechter@kayescholer.com>
**Subject:** Re: On-Boarding Questionnaires w/ supporting documents

Peter, I would like to discuss before we conclude one way or another.

John, are you available around 10 or 10:30 this morning to have a call. I will actually be at KS to sign and drop off some utility bills.

Thanks

Richard Markowitz
Argre Management LLC

On Jul 8, 2014, at 8:50 AM, "Wells, Peter" <Peter.Wells@kayescholer.com> wrote:

> John,
>
> After further internal discussion and considering the issues at play further we confirm that we do not recommend the co-trustee route given the risk of a potential prohibited transaction -- notwithstanding Rich's additional comments.
>
> As a result, as between the two suggested alternatives the authorized trader approach is preferred – done in the same way as it was done with Adam (i.e., the authorized trader acting as an agent and at the direction of the partners of the partnership).
>
> If you would like to discuss further let me know when is a good time to speak by phone.
>
> Regards,
> Peter

1

KLUGMAN00003920

Peter Wells
Kaye Scholer LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

Any U.S. federal tax advice contained in this message (including any attachments) may not be able to be used for purposes of avoiding tax-related penalties imposed under U.S. federal tax laws. This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** John H. van Merkensteijn, III [mailto:jhvm@argremgt.com]
**Sent:** Monday, July 07, 2014 7:29 PM
**To:** Richard Markowitz; Wells, Peter
**Cc:** Ben-Jacob, Michael; Robert Klugman; Gregory, Amy; Wechter, Kathleen
**Subject:** Re: On-Boarding Questionnaires w/ supporting documents

micahael and peter

have you had a chance to consider rich's idea or should we be moving to put us in as traders instead of co-trustees?

can we talk about this

I am at 1212 769 4055

also amy where are you missing any passports utility bills certifications or drivers licenses including for ron, ed, perry and david??

we are intending to get everything on boarded by the end of July so we can do trades at the beginning of august

do we still have delays in getting EIN's for either LLC or Plans— if so can we get that process sped up with phone calls to the IRS?

**From:** Richard Markowitz <rmarkowitz@argremgt.com>
**Date:** Thursday, July 3, 2014 at 12:42 AM
**To:** Peter Wells <Peter.Wells@kayescholer.com>
**Cc:** John van Merkensteijn <jhvm@argremgt.com>, Michael Ben-Jacob <michael.ben-jacob@kayescholer.com>, Robert Klugman <Rklugman@storcapital.com>, Amy Gregory <Amy.gregory@kayescholer.com>, "Wechter, Kathleen" <Kathleen.Wechter@kayescholer.com>
**Subject:** Re: On-Boarding Questionnaires w/ supporting documents

I would have thought that we could work it out so that John and I are not trustees on any plan that is also paying (via a partnership) profits to one of our own plans.

For example, on Rob's plans, I would act as Co trustee, but I don't think his 6 plans need to be in partnerships. His plans keep 100% of profits, just like the plans John and I will have. On other 3rd party plans where I might be co-trustee, John and Rob would be partners and on those plans where John is co-trustee, Rob and I would be partners. Partnership %'s would not be the same on all partnerships, since we would have a goal of getting to 1/3 splits overall.

2

KLUGMAN00003921

I think we did something similar to this on the first Solo trades when my IRA and John's IRA did trades. The partnerships excluded me and John as the case may be.

Richard Markowitz
Argre Management LLC

On Jul 3, 2014, at 12:59 AM, "Wells, Peter" <Peter.Wells@kayescholer.com> wrote:

> John,
>
> Further to my email below, after giving the matter some thought we have a concern that you acting as a co-trustee of one of the other plans could create an additional avenue of attack on prohibited transaction grounds.
>
> The concern here is that you would be a fiduciary on both sides of the transaction – with the transaction being the investment of plan assets into the partnership and subsequent trades. Under this analysis, you could be viewed a taking actions as a fiduciary of the 3rd party plan and using its assets to enter into a transaction which results in a direct benefit to your plan. The other side of this argument is that the reason you are acting as a fiduciary of the 3rd party plan is driven to ease the UK regulatory burden and is not being driven by the desire to facilitate the transaction so as to benefit your plan, and that the transaction could have nonetheless been accomplished without you being a co-trustee. Regardless of which argument might carry the day here there would be risk that this could be considered a prohibited transaction.
>
> That being said, we are looking into whether there are any rulings on point that will provide further insight into this analysis. In addition, while giving this some more review we will also give further thought as to whether there might be any other ways a prohibited transaction argument could be advanced here.
>
> I have included Kathleen on this email in case she has any additional comments further to the above.
>
> Regards,
> Peter
>
>
> Peter Wells
> Kaye Scholer LLP
> 425 Park Avenue | New York, New York 10022
> T: +1 212.836.8662 | F: +1 212.836.6447
> peter.wells@kayescholer.com | www.kayescholer.com
>
> This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.
>
> **From:** John H. van Merkensteijn, III [mailto:jhvm@argremgt.com]
> **Sent:** Tuesday, July 01, 2014 10:20 PM
> **To:** Wells, Peter

3

**Cc:** Ben-Jacob, Michael; Richard Markowitz; Robert Klugman; Gregory, Amy
**Subject:** Re: On-Boarding Questionnaires w/ supporting documents

Peter

Thank you again for the prompt analysis

Unless you spot a pension issue (which we assume you won't) we will go with the plan that Rich and I will act as Co-Trustees for all plans that need that (including Rob's)

probably best to make rich co-trustee of Rob klugman and ed miller plans and me for Ron Altback, Perry Lerner and David Zelman plans
unless someone on this email feels otherwise

thanks

**From:** <Wells>, Peter Wells <Peter.Wells@kayescholer.com>
**Date:** Monday, June 30, 2014 at 10:41 PM
**To:** John van Merkensteijn <jhvm@argremgt.com>
**Cc:** Michael Ben-Jacob <michael.ben-jacob@kayescholer.com>, Richard Markowitz <rmarkowitz@argremgt.com>, Robert Klugman <Rklugman@storcapital.com>, Amy Gregory <Amy.gregory@kayescholer.com>
**Subject:** RE: On-Boarding Questionnaires w/ supporting documents

Further to the discussion with Michael today, I provide the below follow-up points of note:

I attach the Power of Attorney which we drafted in one of the previous trades to appoint Adam as the attorney-in-fact to execute trades on behalf of the plans, open accounts, file forms and the like. In addition, I also attach an executed version of the power of attorney related to the Omineca Plan which is the base form that we drafted for Adam but modified a bit to provide more specific.

With respect to the professional investor issue that was discussed, we were able to speak to Stephen Culhane this evening on investment adviser issues that might be raised in the context of the potential arrangements discussed by Solo. Stephen favored the co-trustee approach and did not believe that it would implicate any investment adviser issues. Conversely he raised concern with having John or Rich appointed as a authorized trader/agent with investment discretion. We also reviewed the plan documents in this context. While the Trustee can appoint an investment manager, the plan documents in essence require that such investment manager be either a RIA or a bank. In addition, there is no built in exculpatory language with respect to potential liability for any person appointed as an investment manager. On the other hand, the trust document contains language protecting the trustee (including a co-trustee) from liability for all loses unless such loses are caused by negligence, bad faith or willful misconduct. I have attached a copy of the relevant page to this email. So, from these perspectives the co-trustee approach would be the preferable route. However, we do want to also consider this approach further to ensure it doesn't raise any pension related issues, and we are checking into that analysis.

4

KLUGMAN00003923

Regards,
Peter


\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
<image001.png>
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com


This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** John H. van Merkensteijn, III [mailto:jhvm@argremgt.com]
**Sent:** Monday, June 30, 2014 4:08 PM
**To:** Gregory, Amy
**Cc:** Wells, Peter; Ben-Jacob, Michael; Richard Markowitz; Robert Klugman
**Subject:** Fwd: On-Boarding Questionnaires w/ supporting documents

Amy great progress

With respect to these updates and so on you probably should limit that list to the above
And not copy Ron altback, perry Lerner, Ed miller, david Zelman except on matters that relate to each of them specifically or when you need each of them to do something. I just don't want to flood them with the process stuff except where necessary

Thanks




John H. Van Merkensteijn III
Managing Director
Argre Management LLC
40 West 57th Street
20th Floor

5

New York, NY. 10019
Phone (212) 247-2600
Fax (212) 247-2753
jhvm@argremgt.com

Begin forwarded message:

> **From:** "Gregory, Amy" <Amy.Gregory@kayescholer.com>
> **Date:** June 30, 2014 at 3:53:05 PM EDT
> **To:** "John H. van Merkensteijn, III" <jhvm@argremgt.com>, Richard Markowitz <rmarkowitz@argremgt.com>, Robert Klugman <rklugman@storcapital.com>, "Ronald Altbach" <r.altbach@regen-cap.com>, "dzelman@transitionsinstitute.com" <dzelman@transitionsinstitute.com>, Edwin Miller <elm@bedigital.com>, "cpwpal@aol.com" <cpwpal@aol.com>
> **Cc:** "Wells, Peter" <Peter.Wells@kayescholer.com>
> **Subject: On-Boarding Questionnaires w/ supporting documents**
>
> Attention all,
>
> I confirm that we submitted the packages for Omineca, Routt and Vanderlee to Solo based on the information and documents that we had. We will supplement as we receive the outstanding documents. In addition, attached is the spreadsheet showing the information for the
> new LLCs. The EINs for many of the LLCs have started coming in. We will begin drafting the LLC agreements for the new LLCs and circulating those documents for your signatures. We will also contact Broad Financial and start the plan formation process for the new LLCs.
>
> The other open issue that comes to mind is the application for the forms 6166 for the new plans. We still would like to see a sample form 8802 from last year. Do we need to submit a form 8802 for Omineca, Routt and Vanderlee? Please advise as to this point.
>
> Thank You,
>
> Amy Gregory
> Legal Assistant
> Kaye Scholer LLP
> 425 Park Avenue | New York, New York 10022
> T: +1 212.836.7745 | F: +1 212.836.8689
> amy.gregory@kayescholer.com | www.kayescholer.com
>
> This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.7745) and delete the message, along with any attachments, from your computer. Thank you.

6

<Merkensteijn - Pension Plan List.XLSX>

7

KLUGMAN00003926