FINAL VERDICT FORM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKATTEFORVALTNINGEN)
TAX REFUND SCHEME LITIGATION

This document relates to case nos.: 19-cv-01785;
19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783;
19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865;
19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922;
19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791;
19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868;
19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906;
19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810;
19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898;
19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813;
19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931;
19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

MASTER DOCKET

18-md-2865 (LAK)

## SPECIAL VERDICT FORM

**PLEASE Indicate your Verdict with a Check Mark (✓)**



## PART ONE

1. Did SKAT prove that, in issuing refund payments to the pension plans, SKAT justifiably relied on the false statements contained in the plans' reclaim applications?

    (a)   **By Clear and Convincing Evidence:**  Yes  ✓  No      

             *If you answered "Yes" to Question 1(a), skip Question 1(b) and proceed to Question 2.*

             *If you answered "No" to Question 1(a), proceed to Question 1(b).*

    (b)   **By a Preponderance of the Evidence:**  Yes       No      

             *If you answered "Yes" to Question 1(b), proceed to Question 2.*

             *If you answered "No" to Question 1(b), you will answer only the questions under Subsection D of Sections I, II, III, and IV. These are Questions 7-10 in Section I, Questions 16-19 in Section II, Questions 25-28 in Section III, and Questions 34-37 in Section IV.*

1                                    **PART TWO**

2                    **SECTION I.  Richard Markowitz & Associated Plans**

3                              **Subsection A. Fraud Claims**

4   2.   For the plans listed in Chart A, did SKAT prove that Richard Markowitz made or caused to be made
5        the false statements in the reclaim applications to SKAT?

6        (a)    **By Clear and Convincing Evidence:**

7               Yes as to all ___✓___    Yes as to some _____    Yes as to none _____

8               *If you answered "Yes as to all" for Question 2(a), skip Question 2(b) and proceed to*
9               *Question 3. If you answered "Yes as to none" for Question 2(a), proceed to Question 2(b).*
10              *If and only if you answered "Yes as to some" for Question 2(a), in Column 2(A) of Chart*
11              *A, check the box to the right of the name of the plan or plans which you find SKAT proved*
12              *that Richard Markowitz made or caused to be made the false statements to SKAT in the*
13              *reclaim applications of the plan or plans. Then proceed to Question 2(b).*

14       (b)    **By a Preponderance of the Evidence:**

15              Yes as to all _____    Yes as to some _____    Yes as to none _____

16              *If you answered "Yes as to all" or "Yes as to none" for Question 2(b), proceed to Question*
17              *3. If and only if you answered "Yes as to some" for Question 2(b), in Column 2(B) of Chart*
18              *A, check the box to the right of the name of the plan or plans which you find SKAT proved*
19              *that Richard Markowitz made or caused to be made the false statements to SKAT in the*
20              *reclaim applications of the plan or plans. Then proceed to Question 3.*

21                                    **Chart A**

| Markowitz Associated Plans | 2(A) | 2(B) |
|---|---|---|
| ***Plans of which Markowitz was a beneficiary*** | | |
| Avanix Management LLC Roth 401K Plan | | |
| Batavia Capital Pension Plan | | |
| Cavus Systems LLC Roth 401(K) Plan | | |
| Hadron Industries LLC Roth 401(K) Plan | | |
| Michelle Investments Pension Plan | | |
| Remece Investments LLC Pension Plan | | |
| RJM Capital Pension Plan | | |
| Routt Capital Pension Plan | | |
| Xiphias LLC Pension Plan | | |
| ***"Friends and Family" Plans*** | | |
| Albedo Management LLC Roth 401(K) Plan | | |

| | | |
|---|---|---|
| Ballast Ventures LLC Roth 401(K) Plan | | |
| Bareroot Capital Investments LLC Roth 401(K) Plan | | |
| Cedar Hill Capital Investments LLC Roth 401(K) Plan | | |
| Eclouge Industry LLC Roth 401(K) Plan | | |
| Fairlie Investments LLC Roth 401(K)Plan | | |
| First Ascent Worldwide LLC Roth 401(K) Plan | | |
| Green Scale Management LLC Roth 401(K) Plan | | |
| Keystone Technologies LLC Roth 401(K) Plan | | |
| Loggerhead Services LLC Roth 401(K) Plan | | |
| PAB Facilities Global LLC Roth 401(K) Plan | | |
| Raubritter LLC Pension Plan | | |
| Roadcraft Technologies LLC Roth 401(K) Plan | | |
| Trailing Edge Productions LLC Roth 401(K) Plan | | |
| 2321 Capital Pension Plan | | |
| Bowline Management Pension Plan | | |
| California Catalog Company Pension Plan | | |
| Clove Pension Plan | | |
| Davin Investments Pension Plan | | |
| Delvian LLC Pension Plan | | |
| DFL Investments Pension Plan | | |
| Laegeler Asset Management Pension Plan | | |
| Lion Advisory Inc. Pension Plan | | |
| Mill River Capital Management Pension Plan | | |
| Next Level Pension Plan | | |
| Rajan Investments LLC Pension Plan | | |
| Spirit on the Water Pension Plan | | |
| Traden Investments Pension Plan | | |

1

2

3

3. Did SKAT prove that Richard Markowitz knew, at the time the statements were made, that the statements in all the reclaim applications of the plans listed in Chart A were false or that he acted recklessly without regard to whether they were true or false?

    (a)    **By Clear and Convincing Evidence:**  Yes  ✓  No _____

        *If you answered "Yes" to all of Questions 1(a), 2(a) as to <u>All Plans</u>, and 3(a) (i.e., you found that SKAT proved by clear and convincing evidence that SKAT justifiably relied on the false statements, that Richard Markowitz made or caused to be made the false statements for <u>all</u> the listed plans in Chart A, and that Richard Markowitz, when the statements were made, knew that the statements were false or acted recklessly without regard to whether they were true or false), skip Questions 3(a)(i), 3(b), 4 and 5 (under Subsection B) and proceed to Question 6 (under Subsection C). If you answered "Yes" to 3(a) but not all three of the questions mentioned, skip only Questions 3(a)(i) and 3(b) and proceed to Question 4.*

        *If you answered "No" to Question 3(a), answer Question 3(a)(i), and then proceed to Question 3(b), regardless of your answer.*

        (i)    Did SKAT prove by clear and convincing evidence that Richard Markowitz knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

            If you answered "Yes" to Question 3(a)(i), indicate the first month and year: _____

    (b)    **By a Preponderance of the Evidence:**  Yes _____ No _____

        *If you answered "Yes" to Question 3(b), proceed to Question 4.*

        *If you answered "No" to Question 3(b), answer Question 3(b)(i), and then proceed to Question 4, regardless of your answer.*

        (i)    Did SKAT prove by a preponderance of the evidence that Richard Markowitz knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

            If you answered "Yes" to Question 3(b)(i), indicate the first month and year: _____

**Subsection B. Aiding and Abetting Fraud Claims**

4. Did SKAT prove that Richard Markowitz knew or consciously avoided knowing, from the time the first reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent?

    (a)    **By Clear and Convincing Evidence:**    Yes _____ No _____

            *If you answered "Yes" to Question 4(a), skip Questions 4(a)(i) and 4(b), and continue to Question 5.*

            *If you answered "No" to Question 4(a), answer Question 4(a)(i), and then proceed to Question 4(b), regardless of your answer.*

            (i)    Did SKAT prove by clear and convincing evidence that Richard Markowitz knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

                    If you answered "Yes" to Question 4(a)(i), indicate the earliest month and year:
                    _____

    (b)    **By a Preponderance of the Evidence:**    Yes _____ No _____

            *If you answered "Yes" to Question 4(b), proceed to Question 5.*

            *If you answered "No" to Question 4(b), answer Question 4(b)(i).*

            (i)    Did SKAT prove by a preponderance of the evidence that Richard Markowitz knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes ____ No ____

                    *If you answered "No" to Question 4(b)(i), skip Question 5 and proceed to Question 6. If you answered "Yes" to Question 4(b)(i), indicate the date below, and proceed to Question 5.*

                    If you answered "Yes" to Question 4(b)(i), indicate the earliest month and year:
                    _____

5. Did SKAT prove that Richard Markowitz provided substantial assistance in the submission of fraudulent reclaim applications?

    (a)    **By Clear and Convincing Evidence:**    Yes _____ No _____

            *If you answered "Yes" to Question 5(a), skip Question 5(b), and continue to Question 6. If you answered "No" to Question 5(a), proceed to Question 5(b).*

    (b)    **By a Preponderance of the Evidence:**    Yes _____ No _____

            *Regardless of your answer to Question 5(b), proceed to Question 6.*

**Subsection C. Negligent Misrepresentation Claims**

6. Did SKAT prove by a preponderance of the evidence that Richard Markowitz failed to use reasonable care to ensure that the statements in every reclaim application of the plans listed in Chart A were correct?

Yes ✓_____     No _____

*If you answered "Yes" to Question 6, proceed to Question 7.*

*If you answered "No" to Question 6, answer 6(a), and then proceed to Question 7.*

(a) Did SKAT prove by a preponderance of the evidence that Richard Markowitz, after a certain point in time, failed to use reasonable care to ensure that the statements in the reclaim applications were correct? Yes _____ No _____

If you answered "Yes" to Question 6(a), indicate the earliest month and year:

_____

**Subsection D. Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

7. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit Richard Markowitz to retain the money he received from SKAT?

Yes ✓_____     No _____

*If you answered "Yes" to Question 7, proceed to Question 8. If you answered "No" to Question 7, skip Question 8 and go to Question 9.*

8. In what dollar amount do you find that Richard Markowitz was unjustly enriched?

$ 38,221,035.60

*Proceed to Question 9.*

9. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit the plans of which Richard Markowitz was a beneficiary (listed in the chart below) to retain the money they received from SKAT?

Yes ✓_____     No _____

*If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 9, skip Question 10 and proceed to Question 11.*

10. In what dollar amount do you find each of the plans of which Richard Markowitz was a beneficiary (listed in the chart below) was unjustly enriched?

| Pension Plans of which Richard Markowitz was a beneficiary | $ |
|---|---|
| Avanix Management LLC Roth 401K Plan | $2,416,791 |

| Batavia Capital Pension Plan | $1,761,351 |
| Cavus Systems LLC Roth 401(K) Plan | $ 986,510 |
| Hadron Industries LLC Roth 401(K) Plan | $ 973,627 |
| Michelle Investments Pension Plan | $ 4,035,308 |
| Remece Investments LLC Pension Plan | $ 3,154,895 |
| RJM Capital Pension Plan | $ 3,249,981 |
| Routt Capital Pension Plan | $ 2,466,627 |
| Xiphias LLC Pension Plan | $ 3,788,351 |

*Proceed to Question 11.*

**SECTION II.    Jocelyn Markowitz & Calypso Investments Pension Plan**

**Subsection A. Fraud Claims**

11. Did SKAT prove that Jocelyn Markowitz made or caused to be made the false statements in the Calypso Investments Pension Plan's reclaim applications to SKAT?

   (a)    **By Clear and Convincing Evidence:** Yes ___✓___ No _____

   *If you answered "Yes" to Question 11(a), skip Question 11(b) and proceed to Question 12. If you answered "No" to Question 11(a), proceed to Question 11(b).*

   (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

   *Regardless of your answer to Question 11(b), proceed to Question 12.*

12. Did SKAT prove that Jocelyn Markowitz knew, at the time the statements were made, that the statements in all the reclaim applications of the Calypso Pension Plan were false or that she acted recklessly without regard to whether they were true or false?

   (a)    **By Clear and Convincing Evidence:** Yes ___✓___ No _____

   *If you answered "Yes" to Questions 1(a), 11(a), and 12(a) (i.e., you found that SKAT proved by clear and convincing evidence that SKAT justifiably relied on the false statements, that Jocelyn Markowitz made or caused to be made the false statements, and that Jocelyn Markowitz knew the statements were false or acted recklessly without regard to whether they were true or false), then skip Questions 12(a)(i), 12(b), 13, and 14 and proceed to Question 15 (under Subsection C). If you answered "Yes" to Question 12(a) but not all three of the questions mentioned, skip only Questions 12(a)(i) and 12(b), and proceed to Question 13.*

   *If you answered "No" to Question 12(a), answer Question 12(a)(i), and then proceed to 12(b), regardless of your answer.*

(i)     Did SKAT prove by clear and convincing evidence that Jocelyn Markowitz knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

If you answered "Yes" to Question 12(a)(i), indicate the first month and year: _____

(b)     **By a Preponderance of the Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 12(b), proceed to Question 13.*

*If you answered "No" to Question 12(b), answer Question 12(b)(i), and then proceed to Question 13, regardless of your answer.*

(i)     Did SKAT prove by a preponderance of the evidence that Jocelyn Markowitz knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

If you answered "Yes" to Question 12(b)(i), indicate the first month and year: _____

### Subsection B. Aiding and Abetting Fraud Claims

13. Did SKAT prove that, from the time of the first reclaim applications, Jocelyn Markowitz knew or consciously avoided knowing that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent?

(a)     **By Clear and Convincing Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 13(a), skip Questions 13(a)(i) and 13(b), and proceed to Question 14.*

*If you answered "No" to Question 13(a), answer Question 13(a)(i), and then proceed to Question 13(b), regardless of your answer.*

(i)     Did SKAT prove by clear and convincing evidence that Jocelyn Markowitz knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

If you answered "Yes" to Question 13(a)(i), indicate the earliest month and year: _____

(b)     **By a Preponderance of the Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 13(b), then proceed to Question 14.*

*If you answered "No" to Question 13(b), answer Question 13(b)(i).*



(i)    Did SKAT prove by a preponderance of the evidence that Jocelyn Markowitz knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

*If you answered "No" to Question 13(b)(i), skip Question 14 and proceed to Question 15. If you answered "Yes" to Question 13(b)(i), indicate the date below, and proceed to Question 14.*

If you answered "Yes" to Question 13(b)(i), indicate the earliest month and year: _____

14. Did SKAT prove that Jocelyn Markowitz provided substantial assistance in the submission of fraudulent reclaim applications?

(a)    **By Clear and Convincing Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 14(a), skip Question 14(b) and proceed to Question 15. If you answered "No" to Question 14(a), proceed to Question 14(b).*

(b)    **By a Preponderance of the Evidence:** Yes _____ No _____

*Regardless of your answer to Question 14(b), proceed to Question 15.*

### Subsection C. Negligent Misrepresentation Claims

15. Did SKAT prove by a preponderance of the evidence that Jocelyn Markowitz failed to use reasonable care to ensure that the statements in every reclaim application of Calypso Investments Pension Plan were correct?

Yes ✓      No _____

*If you answered "Yes" to Question 15, proceed to Question 16.*

*If you answered "No" to Question 15, answer 15(a), and then proceed to Question 16.*

(a)    Did SKAT prove by a preponderance of the evidence that Jocelyn Markowitz, after a certain point in time, failed to use reasonable care to ensure that the statements in the reclaim applications were correct? Yes _____ No _____

If you answered "Yes" to Question 15(a), indicate the earliest month and year: _____

**Subsection D. Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

16. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit Jocelyn Markowitz to retain the money she received from SKAT?

Yes <u>  ✓  </u>      No <u>       </u>

*If you answered "Yes" to Question 16, proceed to Question 17. If you answered "No" to Question 16, skip Question 17 and proceed to Question 18.*

17. In what dollar amount do you find Jocelyn Markowitz was unjustly enriched?

$ <u>1,824,028.01</u>

*Proceed to Question 18.*

18. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit the Calypso Investments Pension Plan to retain the money it received from SKAT?

Yes <u>  ✓  </u>      No <u>       </u>

*If you answered "Yes" to Question 18, proceed to Question 19. If you answered "No" to Question 18, skip Question 19 and proceed to Question 20.*

19. In what amount do you find the Calypso Investments Pension Plan was unjustly enriched?

$ <u>$1,824,028.01</u>

*Proceed to Question 20.*

**SECTION III.        John van Merkensteijn & Associated Plans**

**Subsection A. Fraud Claims**

20. For the plans listed in Chart B, did SKAT prove that John van Merkensteijn made or caused to be made the false statements in the reclaim applications to SKAT?

    (a)    **By Clear and Convincing Evidence:**

Yes as to all <u>  ✓  </u>  Yes as to some <u>       </u>  Yes as to none <u>       </u>

*If you answered "Yes as to all" for Question 20(a), skip Question 20(b) and proceed to Question 21. If you answered "Yes as to none" for Question 20(a), proceed to Question 20(b). If and only if you answered "Yes as to some" for Question 20(a), in Column 20(A) of Chart B, check the box to the right of the name of the plan or plans which you find SKAT proved that John van Merkensteijn made or caused to be made the false statements to SKAT in the reclaim applications of the plan or plans. Then proceed to Question 20(b).*

    (b)    **By a Preponderance of the Evidence:**

Yes as to all <u>       </u>  Yes as to some <u>       </u>  Yes as to none <u>       </u>

1  *If you answered "Yes as to all" or "Yes as to none" for Question 20(b), proceed to*
2  *Question 21. If and only if you answered "Yes as to some" to Question 20(b), in Column*
3  *20(B) of Chart B, check the box to the right of the name of the plan or plans which you find*
4  *SKAT proved that John van Merkensteijn made or caused to be made the false statements*
5  *to SKAT in the reclaim applications of the plan or plans. Then proceed to Question 21.*

6  **Chart B**

| John van Merkensteijn Associated Plans | 20(A) | 20(B) |
|---|---|---|
| *Plans of which John van Merkensteijn was a beneficiary* | | |
| Basalt Ventures LLC Roth 401(K) Plan | | |
| Bernina Pension Plan | | |
| Omineca Pension Plan | | |
| Starfish Capital Management LLC Roth 401(K) Plan | | |
| Tarvos Pension Plan | | |
| Voojo Productions LLC Roth 401(K) Plan | | |
| Xiphias LLC Pension Plan | | |
| Michelle Investments Pension Plan | | |
| Remece Investments LLC Pension Plan | | |
| *"Friends and Family" Plans* | | |
| Battu Holdings LLC Roth 401K Plan | | |
| Cantata Industries LLC Roth 401(K) Plan | | |
| Crucible Ventures LLC Roth 401(K) Plan | | |
| Dicot Technologies LLC Roth 401(K) Plan | | |
| Fulcrum Productions LLC Roth 401(K) Plan | | |
| Limelight Global Productions LLC Roth 401(K) Plan | | |
| Pinax Holdings LLC Roth 401(K) Plan | | |
| Plumrose Industries LLC Roth 401K Plan | | |
| Raubritter LLC Pension Plan | | |
| Sternway Logistics LLC Roth 401(K) Plan | | |
| True Wind Investments LLC Roth 401(K) Plan | | |
| Tumba Systems LLC Roth 401(K) Plan | | |
| Vanderlee Technologies Pension Plan | | |
| Monomer Industries LLC Roth 401(K) Plan | | |
| 2321 Capital Pension Plan | | |
| Bowline Management Pension Plan | | |

| California Catalog Company Pension Plan | | |
| Clove Pension Plan | | |
| Davin Investments Pension Plan | | |
| Delvian LLC Pension Plan | | |
| DFL Investments Pension Plan | | |
| Laegeler Asset Management Pension Plan | | |
| Lion Advisory Inc. Pension Plan | | |
| Mill River Capital Management Pension Plan | | |
| Next Level Pension Plan | | |
| Rajan Investments LLC Pension Plan | | |
| Spirit on the Water Pension Plan | | |
| Traden Investments Pension Plan | | |

21. Did SKAT prove that John van Merkensteijn knew, at the time the statements were made, that the statements in all the reclaim applications of the plans listed in Chart B were false or that he acted recklessly without regard to whether they were true or false?

    (a)    **By Clear and Convincing Evidence:** Yes __✓__ No _____

*If you answered "Yes" to all of Questions 1(a), 20(a) as to All Plans, and 21(a) (i.e., you found that SKAT proved by clear and convincing evidence that SKAT justifiably relied on the false statements, that John van Merkensteijn made or caused to be made the false statements for all the listed plans in Chart B, and that John van Merkensteijn, when the statements were made, knew that the statements were false or acted recklessly without regard to whether they were true or false), skip Questions 21(a)(i), 21(b), 22 and 23 (under Subsection B) and proceed to Question 24 (under Subsection C). If you answered "Yes" to Question 21(a) but not all three of the questions mentioned, skip only Questions 21(a)(i) and 21(b) and proceed to Question 22.*

*If you answered "No" to Question 21(a), answer Question 21(a)(i), and then proceed to Question 21(b), regardless of your answer.*

        (i)    Did SKAT prove by clear and convincing evidence that John van Merkensteijn knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

        If you answered "Yes" to Question 21(a)(i), indicate the first month and year: _____

    (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 21(b), proceed to Question 22.*

*If you answered "No" to Question 21(b), answer Question 21(b)(i), and then proceed to Question 22, regardless of your answer.*

(i)     Did SKAT prove by a preponderance of the evidence that John van Merkensteijn knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

If you answered "Yes" to Question 21(b)(i), indicate the first month and year:
_____

### Subsection B. Aiding and Abetting Fraud Claims

22. Did SKAT prove that, from the time the first reclaim application was submitted, John van Merkensteijn knew or consciously avoided knowing that refund claims arranged by Sanjay Shah and Solo Capital were fraudulent?

(a)     **By Clear and Convincing Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 22(a), skip Questions 22(a)(i) and 22(b), and continue to Question 23.*

*If you answered "No" to Question 22(a), answer Question 22(a)(i), and then proceed to Question 22(b), regardless of your answer.*

(i)     Did SKAT prove by clear and convincing evidence that John van Merkensteijn knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

If you answered "Yes" to Question 22(a)(i), indicate the earliest month and year:
_____

(b)     **By a Preponderance of the Evidence:** Yes _____ No _____

*If you answered "Yes" to Question 22(b), then proceed to Question 23.*

*If you answered "No" to Question 22(b), answer Question 22(b)(i).*

(i)     Did SKAT prove by a preponderance of the evidence that John van Merkensteijn knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

*If you answered "No" to Question 22(b)(i), skip Question 23 and proceed to Question 24. If you answered "Yes" to Question 22(b)(i), indicate the date below, and proceed to Question 23.*

If you answered "Yes" to Question 22(b)(i), indicate the earliest month and year:
_____

23. Did SKAT prove that John van Merkensteijn provided substantial assistance in the submission of fraudulent reclaim applications?

    (a)    **By Clear and Convincing Evidence:** Yes _____ No _____

          *If you answered "Yes" to Question 23(a), skip Question 23(b), and proceed to Question 24. If you answered "No" to Question 23(a), proceed to Question 23(b).*

    (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

          *Regardless of your answer to Question 23(b), proceed to Question 24.*

### Subsection C. Negligent Misrepresentation Claims

24. Did SKAT prove by a preponderance of the evidence that John van Merkensteijn failed to use reasonable care to ensure that the statements in every reclaim application of the plans listed in Chart B were correct?

               Yes ✓_____      No _____

    *If you answered "Yes" to Question 24, proceed to Question 25.*

    *If you answered "No" to Question 24, answer 24(a), and then proceed to Question 25.*

    (a)    Did SKAT prove by a preponderance of the evidence that John van Merkensteijn, after a certain point in time, failed to use reasonable care to ensure that the statements in the reclaim applications were correct? Yes _____ No _____

          If you answered "Yes" to Question 24(a), indicate the earliest month and year:

          _____

### Subsection D. Unjust Enrichment/Money Had & Received/Payment by Mistake Claims

25. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit John van Merkensteijn to retain the money he received from SKAT?

               Yes ✓_____      No _____

    *If you answered "Yes" to Question 25, proceed to Question 26. If you answered "No" to Question 25, skip Question 26 and proceed to Question 27.*

26. In what dollar amount do you find John van Merkensteijn was unjustly enriched?

               $36,812,386.51

    *Proceed to Question 27.*

27. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit the plans in which John van Merkensteijn was a beneficiary (listed in the chart below) to retain the money they received from SKAT?

Yes ✓_____    No _____

*If you answered "Yes" to Question 27 proceed to Question 28. If you answered "No" to Question 27, skip Question 28 and proceed to Question 29.*

28. In what dollar amount do you find each of these plans, of which John van Merkensteijn was a beneficiary, was unjustly enriched?

| Pension Plans of which John van Merkensteijn was a beneficiary | $ |
| --- | --- |
| Basalt Ventures LLC Roth 401(K) Plan | 912,900 |
| Bernina Pension Plan | 3,127,768 |
| Omineca Pension Plan | 3,503,280 |
| Starfish Capital Management LLC Roth 401(K) Plan | 30,376 |
| Tarvos Pension Plan | 1,994,645 |
| Voojo Productions LLC Roth 401(K) Plan | 1,648,805 |
| Xiphias LLC Pension Plan | 3,788,351 |
| Michelle Investments Pension Plan | 4,035,308 |
| Remece Investments LLC Pension Plan | 3,154,895 |

*Proceed to Question 29.*

**SECTION IV.        Elizabeth van Merkensteijn & the Azalea Pension Plan**

**Subsection A. Fraud Claims**

29. Did SKAT prove that Elizabeth van Merkensteijn made or caused to be made the false statements in the Azalea Pension Plan's reclaim applications to SKAT?

(a)    **By Clear and Convincing Evidence:** Yes ✓_____   No _____

*If you answered "Yes" to Question 29(a), skip Question 29(b), and proceed to Question 30. If you answered "No" to Question 29(a), proceed to Question 29(b)*

(b)    **By a Preponderance of the Evidence:** Yes _____   No _____

*Regardless of your answer to Question 29(b), proceed to Question 30.*

30. Did SKAT prove that Elizabeth van Merkensteijn knew, at the time the statements were made, that the statements in all the reclaim applications of the Azalea Pension Plan were false or that she acted recklessly without regard to whether they were true or false? /

    (a)    **By Clear and Convincing Evidence:** Yes ____✓____ No _____

        *If you answered "Yes" to Questions 1(a), 29(a), and 30(a) (i.e., you found that SKAT proved by clear and convincing evidence that SKAT justifiably relied on the false statements, that Elizabeth van Merkensteijn made or caused to be made the false statements, and that Elizabeth van Merkensteijn knew, at the time the statements were made, that the statements were false or acted recklessly without regard to whether they were true or false), then skip Questions 30(a)(i), 30(b), 31, and 32 (under Subsection B), and proceed to Question 33 (under Subsection C). If you answered "Yes" to Question 30(a) but not all three of the questions mentioned, skip only Questions 30(a)(i) 30(b) and proceed to Question 31.*

        *If you answered "No" to Question 30(a), answer Question 30(a)(i), and then proceed to Question 30(b), regardless of your answer.*

        (i)    Did SKAT prove by clear and convincing evidence that Elizabeth van Merkensteijn knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

            If you answered "Yes" to Question 30(a)(i), indicate the first month and year: _____

    (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

        *If you answered "Yes" to Question 30(b), proceed to Question 31.*

        *If you answered "No" to Question 30(b), answer Question 30(b)(i), and then proceed to Question 31, regardless of your answer.*

        (i)    Did SKAT prove by a preponderance of the evidence that Elizabeth van Merkensteijn knew the statements in the reclaim applications were false or acted recklessly without regard to whether they were true or false, at any time before the last reclaim applications were submitted? Yes _____ No _____

            If you answered "Yes" to Question 30(b)(i), indicate the first month and year: _____

**Subsection B. Aiding and Abetting Fraud Claims**

31. Did SKAT prove that, from the time the first reclaim applications, Elizabeth van Merkensteijn knew or consciously avoided knowing that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent?

    (a)    **By Clear and Convincing Evidence:** Yes _____ No _____

        *If you answered "Yes" to Question 31(a), skip Questions 31(a)(i) and 31(b), and continue to Question 32.*

        *If you answered "No" to Question 31(a), answer Question 31(a)(i), and then proceed to Question 31(b), regardless of your answer.*

        (i)    Did SKAT prove by clear and convincing evidence that Elizabeth van Merkensteijn knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

            If you answered "Yes" to Question 31(a)(i), indicate the earliest month and year: _____

    (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

        *If you answered "Yes" to Question 31(b), proceed to Question 32.*

        *If you answered "No" to Question 31(b), answer Question 31(b)(i).*

        (i)    Did SKAT prove by a preponderance of the evidence that Elizabeth van Merkensteijn knew or consciously avoided knowing, at any time before the final reclaim applications were submitted, that the refund claims arranged by Sanjay Shah and Solo Capital were fraudulent? Yes _____ No _____

            *If you answered "No" to Question 31(b)(i), skip Question 32 and proceed to Question 33. If you answered "Yes" to Question 31(b)(i), indicate the date below, and proceed to Question 32.*

            If you answered "Yes" to Question 31(b)(i), indicate the earliest month and year: _____

32. Did SKAT prove that Elizabeth van Merkensteijn provided substantial assistance in the submission of fraudulent reclaim applications?

    (a)    **By Clear and Convincing Evidence:** Yes _____ No _____

        *If you answered "Yes" to Question 32(a), skip Question 32(b) and proceed to Question 33.*
        *If you answered "No" to Question 32(a), proceed to Question 32(b).*

    (b)    **By a Preponderance of the Evidence:** Yes _____ No _____

        *Regardless of your answer to Question 32(b), proceed to Question 33.*

1

2    **Subsection C. Negligent Misrepresentation Claims**

3    33. Did SKAT prove by a preponderance of the evidence that Elizabeth van Merkensteijn failed to use
4    reasonable care to ensure that the statements in every reclaim application of the Azalea Pension Plan
5    were correct?

6                    Yes ___✓___        No _____

7        *If you answered "Yes" to Question 33, proceed to Question 34.*

8        *If you answered "No" to Question 33, answer 33(a), and then proceed to Question 34.*

9    (a)    Did SKAT prove by a preponderance of the evidence that Elizabeth van Merkensteijn,
10            after a certain point in time, failed to use reasonable care to ensure that the statements in
11            the reclaim applications were correct? Yes _____ No _____

12        If you answered "Yes" to Question 33(a), indicate the earliest month and year:
13        _____

14

15    **Subsection D. Unjust Enrichment/Money Had & Received/Payment by Mistake Claims**

16    34. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit
17    Elizabeth van Merkensteijn to retain the money she received from SKAT?

18                    Yes ___✓___        No _____

19        *If you answered "Yes" to Question 34, proceed to Question 35. If you answered "No" to*
20        *Question 34, skip Question 35 and proceed to Question 36.*

21    35. In what dollar amount do you find Elizabeth van Merkensteijn was unjustly enriched?

22                    $ 1,866,667.14

23        *Proceed to Question 36.*

24    36. Did SKAT prove by a preponderance of the evidence that equity and good conscience do not permit
25    the Azalea Pension Plan to retain the money it received from SKAT?

26                    Yes ___✓___        No _____

27        *If you answered "Yes" to Question 36, proceed to Question 37. If you answered "No" to*
28        *Question 36, skip Question 37 and proceed to Part Three.*

29    37. In what dollar amount do you find the Azalea Pension Plan was unjustly enriched?

30                    $ 1,866,667.14

31

1     *Regardless of your answers to any questions in Part One or Two, proceed to Part Three,*
2     *and follow the instructions listed there.*

3
4     **PART THREE**
5
6
7     1.  **Statute of Limitations**

8     *Answer Questions 38(a), 38(b), and 38(c) unless you answered "No" to both Questions 1(a) and 1(b),*
9     *and you answered "No" to all questions under Subsection D of Sections I, II, III, and IV. If you*
10     *answered "No" to all of those questions, proceed to Question 42.*

11   38.

12     (a)    Have the Defendants proven by a preponderance of the evidence that SKAT knew or
13              should have known before January 1, 2015, of all its then-available claims against that
14              Defendant for fraud, aiding and abetting fraud, and negligent misrepresentation?

15         Richard Markowitz                 Yes _____ No   X

16         Jocelyn Markowitz                Yes _____ No   X

17         Markowitz-Affiliated Pension Plans      Yes _____ No   X

18         John Van Merkensteijn            Yes _____ No   X

19         Elizabeth Van Merkensteijn       Yes _____ No   X

20         Van Merkensteijn-Affiliated Pension Plans   Yes _____ No   X

21     (b)    Have the Defendants proven by a preponderance of the evidence that SKAT knew or
22              should have known before January 1, 2015, of all its then-available claims against that
23              Defendant for unjust enrichment?

24         Richard Markowitz                 Yes _____ No   X

25         Jocelyn Markowitz                Yes _____ No   X

26         Markowitz-Affiliated Pension Plans      Yes _____ No   X

27         John Van Merkensteijn            Yes _____ No   X

28         Elizabeth Van Merkensteijn       Yes _____ No   X

29         Van Merkensteijn-Affiliated Pension Plans   Yes _____ No   X

30     (c)    Have the Defendants proven by a preponderance of the evidence that Plaintiff knew or
31              should have known before November 19, 2016 of all of its then-available claims against
32              John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, and RJM Capital
33              Pension Plan Trust in connection with 2321 Capital Pension Plan, Bowline Management
34              Pension Plan, California Catalog Company Pension Plan, Clove Pension Plan, Davin

Investments Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan?

Yes _____      No __X__

*If you answered "Yes" to Question 6, 15, 24, or 33 (under Subsection C), answer Question 39. If you answered "No" to all four of those questions, skip Questions 39, 40, and 41, and proceed to Question 42.*

**2.   Comparative Fault**

*Only answer Questions 39, 40, and 41 if you answered "Yes" to Question 6, 15, 24, or 33 (under Subsection C).*

39. Have the Defendants proven by a preponderance of the evidence that SKAT was negligent in making refund payments to Defendants' pension plans?

Yes _____      No __√__

*If you answered "Yes" to Question 39, proceed to Question 40. If you answered "No" to Question 39, skip Questions 40 and 41, and proceed to Question 42.*

40. Have the Defendants proven by a preponderance of the evidence that SKAT's negligence was a substantial factor in bringing about its own injuries?

Yes _____      No _____

*If you answered "Yes" to Question 40, proceed to Question 41. If you answered "No" to Question 40, skip Question 41 and proceed to Question 42.*

41. Indicate the percentage of fault of SKAT, Solo/Sanjay Shah, and each Defendant:

SKAT                                    _____%

Solo/Shah                          _____%

Richard Markowitz              _____%

Jocelyn Markowitz              _____%

John Van Merkensteijn        _____%

Elizabeth Van Merkensteijn  _____%

Robert Klugman                  _____%

*Total*                                _____%

(Total Must Equal 100)

*Proceed to Question 42.*

**3.  New York General Obligations Law § 15-108**

42. For the trading that took place on behalf of each of the plans at issue in this case, during the period of 2012 to 2015, indicate the percentage of fault for SKAT's injury for each of the following individuals:

Solo/Shah                              51 %

Richard Markowitz                      15 %

John Van Merkensteijn                  15 %

Jerome Lhote                            6 %

Matthew Stein                          6 %

Michael Ben-Jacob                      1 %

Robert Klugman                         6 %

*Total*                               100 %

                                    (Total Must Equal 100)